UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DONALD COOK, JR., NORA GONZALEZ, CARLOS LAWTON AND JESSE ODLOZELIK, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, <br><br> PLAINTIFFS <br><br> v. <br><br> STEVENS TANKER DIVISION, LLC AND STEVENS TRANSPORT, INC., <br><br> DEFENDANTS | § § § § § § § § § § § § § § § § § | <br><br><br><br><br><br><br><br>CIVIL ACTION NO. 5:20-cv-67 |

**PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT**

Plaintiffs Donald Cook, Jr., Nora Gonzalez, Jesse Odlozelik and Carlos Lawton ("Named Plaintiffs") on behalf of themselves and all others similarly situated ("Class Members") (Named Plaintiffs and Class Members are collectively referred as "Plaintiffs") bring this Fair Labor Standards Act ("FLSA") suit against Stevens Tanker Division, LLC and Stevens Transport, Inc. under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended.

**I. NATURE OF SUIT**

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich*

&amp; *Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Stevens Tanker Division, LLC and Stevens Transport, Inc. ("Defendants") have violated the FLSA by misclassifying their dispatchers and sand coordinators as exempt from the overtime requirements of the FLSA. These employees, including Plaintiffs, work more than forty hours per work week but are not paid overtime premiums for such hours. Because there are other putative plaintiffs who are similarly situated to the Named Plaintiffs with regard to the work performed and the Defendants' compensation policies, Named Plaintiffs bring this action as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

3. Plaintiff Donald Cook, Jr. is an individual residing in Texas. His notice of consent is attached to Plaintiffs' Original Collective Action Complaint as Exhibit A.

4. Plaintiff Donald Cook, Jr. did not sign or otherwise consent to an arbitration agreement.

5. To the extent Defendants maintain Donald Cook, Jr. did somehow sign or consent to an arbitration agreement, Defendants have waived enforcement of same.

6. Plaintiff Nora Gonzalez is an individual residing in Texas. Her notice of consent is attached to Plaintiffs' Original Collective Action Complaint as Exhibit B.

7. Plaintiff Nora Gonzalez did not sign or otherwise consent to an arbitration agreement.

8. To the extent Defendants maintain Nora Gonzalez did somehow sign or consent to an arbitration agreement, Defendants have waived enforcement of same.

9. Plaintiff Carlos Lawton is an individual residing in Texas. His notice of consent is attached to Plaintiffs' Original Collective Action Complaint as Exhibit C.

10. Plaintiff Carlos Lawton did not sign or otherwise consent to an arbitration agreement.

11. To the extent Defendants maintain Carlos Lawton did somehow sign or consent to an arbitration agreement, Defendants have waived enforcement of same.

12. Plaintiff Jesse Odlozelik is an individual residing in Texas. His notice of consent is attached to Plaintiffs' Original Collective Action Complaint as Exhibit D.

13. Plaintiff Jesse Odlozelik did not sign or otherwise consent to an arbitration agreement.

14. To the extent Defendants maintain Jesse Odlozelik did somehow sign or consent to an arbitration agreement, Defendants have waived enforcement of same.

15. At all relevant times, the above listed Plaintiffs were "employees" of Defendants as defined by the FLSA. At all relevant times, Defendants were Plaintiffs' "employer" as defined by the FLSA.

16. Plaintiffs are Defendants' current and former dispatchers and sand coordinators who were paid a salary and who were not paid overtime wages for any hours worked over forty per workweek.

17. Defendant Stevens Tanker Division, LLC is a domestic limited liability company formed and existing under the laws of the State of Texas. Steven Aaron is the agent for service of process, and he can be served at 9757 Military Parkway, Dallas Texas 75227.

18. Defendant Stevens Transport, Inc. is a domestic corporation formed and existing under the laws of the State of Texas. Steven Aaron is the agent for service of process, and he can be served at 9757 Military Parkway, Dallas Texas 75227.

19. Defendants jointly employed Plaintiffs as defined by 29 U.S.C. §203(d). Both Stevens Tanker Division, LLC and Stevens Transport, Inc. operated as joint employers of Plaintiffs by sharing the ability to directly and immediately control or co-determine essential terms and conditions of employment such as hiring, firing, discipline, supervision and direction.

20. Specifically, Defendants have exercised managerial responsibilities and substantial control over Class Members, including Named Plaintiffs, and the terms and conditions of their employment.

Defendants have the authority to: hire, fire and direct Class Members, including Named Plaintiffs; supervise and control the employment relationships and work schedules of Class Members, including Named Plaintiffs; set and determine the rate and method of pay of Class Members, including Named Plaintiffs; and decide whether Class Members and Named Plaintiffs received overtime compensation.

21. Additionally, both Stevens Tanker Division, LLC and Stevens Transport, Inc. operated as joint employers of Plaintiffs in that Defendants undertake related activities, have a unified business operation with common control, and share a common business.

### III. JURISDICTION AND VENUE

22. This Court has subject matter jurisdiction in this matter because Named Plaintiffs assert claims arising under federal law. Specifically, Named Plaintiffs assert claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

23. The Court has personal jurisdiction over Defendants because Defendants conduct business in Texas and have entered into relationships with Plaintiffs in Texas and have committed actions in Texas that give rise to this cause of action.

24. Venue is proper in the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1391(b), because Defendants are located in and do business in this Division. Inasmuch as Defendants are subject to this Court's personal jurisdiction for purposes of this civil action, Defendants reside in this district and division. Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## IV. COVERAGE UNDER THE FLSA

25. At all relevant times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Named Plaintiffs and the Class Members.

26. At all times hereinafter mentioned, Defendants have been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

27. At all times hereinafter mentioned, Defendants have been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

28. At all times hereinafter mentioned, Defendants have each been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants are an enterprise and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

29. Named Plaintiffs and Class Members handled and otherwise worked with equipment, such as telephones, computers, vehicles and safety equipment that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

30. At all times hereinafter mentioned, Named Plaintiffs and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]," within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V.  FACTUAL ALLEGATIONS

31. Defendants provide oilfield, trucking and hauling services to their customers.

32. Named Plaintiffs were either dispatchers, sand coordinators or both during their employment with Defendants. Throughout their employment with Defendants, Named Plaintiffs consistently worked more than forty hours per workweek.

33. Named Plaintiffs were paid a salary.  Named Plaintiffs were not paid any additional compensation for any hours worked in excess of forty per work week.

34. The Class Members were also paid a salary and were not paid any additional compensation for hours worked in excess of forty in a workweek.

35. For all times relevant to this action, the Plaintiffs' primary job duty was not the performance of work directly related to Defendants' management or general business operations, or those of their customers.

36. For all times relevant to this action, Plaintiffs' primary job duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

37. Plaintiffs did not have the authority to hire or fire other employees, and any suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees were not given particular weight.

38. Rather, the daily and weekly activities of Plaintiffs were routine and largely governed by standardized plans, procedures, and checklists created by Defendants. Virtually every job function was predetermined by Defendants, including the schedule of work and related work duties. Plaintiffs were prohibited from varying their job duties outside of the predetermined parameters.

39. Named Plaintiffs and Class Members were scheduled to work seven days on, followed by seven days off. During the period of time they worked, Named Plaintiffs and Class Members would consistently work more than 90 hours per week.

40. Although they worked very long hours, Plaintiffs were misclassified, or otherwise treated as exempt under the Fair Labor Standards Act. Defendants required Plaintiffs to work the long hours described above, and thus knew that Named Plaintiffs and Class Members regularly worked in excess of 40 hours per week. Nonetheless, Defendants failed and refused to compensate the Named Plaintiffs and Class Members at a rate that is not less than time-and-one-half their regular rates of pay for the hours they worked in excess of 40 in a workweek.

41. Defendants have employed and are employing other individuals as dispatchers and/or sand coordinators who have performed the same job duties under the same pay provisions as Named Plaintiffs, in that they have performed, or are performing, the same job duties, have been misclassified as "exempt" employees, have consistently worked in excess of forty hours in a workweek and have been denied overtime compensation at a rate of not less than one-and-one-half times their regular rates of pay.

42. Defendants have knowingly, willfully, or with reckless disregard carried out, and continue to carry out, their illegal pattern or practice of failing to pay overtime compensation to Named Plaintiffs and the Class Members.

## VI. COLLECTIVE ACTION ALLEGATIONS

43. Named Plaintiffs and the Class Members have performed—and are performing—the same or similar job duties as one another in that they either functioned as dispatchers, sand coordinators, or both. Further, Named Plaintiffs and the Class Members were subjected to the same pay provisions in that they were not paid overtime premiums for any hours worked over forty in a

workweek. Thus, the Class Members are owed one and one-half their regular hourly rate for all hours worked over forty in a week without regard to their individualized circumstances.

44. Defendants have a policy or practice of not paying their dispatchers and sand coordinators overtime wages. This policy or practice is and has been, at all relevant times, applicable to the Named Plaintiffs and all Class Members. Application of this policy or practice does not depend on the personal circumstances of the Named Plaintiffs or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of overtime compensation to Named Plaintiffs also applied to all Class Members. Accordingly, the "Class Members" are properly defined as:

> **All current and former Dispatchers and Sand Coordinators of Defendants who were paid a salary and who were not paid overtime wages.**

### VII. CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

45. During the relevant period, Defendants have violated and are violating Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for all of their work in excess of forty hours per week at rates no less than one-and-one-half times their regular rates for which they were employed. Defendants have acted willfully in failing to pay Plaintiffs in accordance with applicable law.

46. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which their employees are paid are applicable to the Named Plaintiffs or Class Members.

## VIII. PRAYER FOR RELIEF

Plaintiffs pray for an expedited order certifying a class and directing notice to putative class members pursuant to 29 U.S.C. § 216(b) and, individually, and on behalf of any and all such class members, on trial of this cause, judgment against Defendants as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Named Plaintiffs (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Named Plaintiffs (and those who may join the suit);

b. For an Order awarding Named Plaintiffs (and those who may join in the suit) the taxable costs and allowable expenses of this action;

c. For an Order awarding Named Plaintiffs (and those who may join in the suit) attorneys' fees;

d. For an Order awarding Named Plaintiffs (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

e. For an Order awarding Named Plaintiffs declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.; and

f. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully submitted,

MORELAND VERRETT, P.C.

/s/  Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Moreland Verrett, PC
2901 Bee Cave Rd, Box L
Austin, Texas 78746
Phone: (512) 782-0567
Fax: (512) 782-0605
Email: doug@morelandlaw.com

**ATTORNEY FOR PLAINTIFFS**